**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

SHELLY L. CAMPBELL,            )
                                       )
          Plaintiff,         )
                                       )
v.                                )    Case No. CIV-17-1123-BMJ
                                       )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social Security      )
Administration,                 )
                                       )
         Defendant.      )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Shelly L. Campbell, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 9], and both parties have briefed their respective positions.[1] For the reasons stated below, the Commissioner's decision is affirmed.

## I.    Procedural Background

On June 9, 2014, Plaintiff protectively filed an application for supplemental security income. *See* AR 20. The Social Security Administration denied the application initially and on reconsideration. AR 96, 107. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated November 2, 2016. AR 17-39. The Appeals Council denied Plaintiff's request for review. AR 1-6. Thus, the decision of the ALJ became the final decision of the

---

[1] Citations to the parties' submissions reference the Court's CM/ECF pagination.

Commissioner.  *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).  Plaintiff seeks judicial review of this final agency decision.

## II.     The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations.  *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 416.920.  The ALJ first determined Plaintiff had not engaged in substantial gainful activity since June 9, 2014, the application date.  AR 23.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of degenerative disc disease, degenerative joint disease, diabetes mellitus, hypertension, and obesity.  AR 23-25.[2]  At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 25-27.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform a less than full range of "sedentary work" as defined in 20 CFR 416.967(a) except she can never climb ladders, ropes, or scaffolds; occasional climbing of ramps or stairs, stooping, balancing, crouching, crawling, or kneeling; and must have a sit/stand option hourly.

AR 27-33.  Relying on the testimony of a vocational expert (VE), the ALJ determined Plaintiff is capable of performing past relevant work as a telemarketer and school secretary.  AR 34.  In the alternative, and again relying on the testimony of a VE, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform—charge account clerk, document scanner, and touch-up screener.  AR 34-35.  The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act.  AR 35.

---

[2] The ALJ also found Plaintiff had the non-severe impairments of anxiety and depression.  *Id.*

**III.    Issues Presented for Judicial Review**

Plaintiff contends the ALJ erred in weighing the opinion of a treating physician and in considering Plaintiff's subjective complaints.  The Court finds the ALJ did not err with regard to either assertion.

**IV.    Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.  *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004).  The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).  While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner.  *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**V.    Analysis**

**A.    The ALJ's Weighing of Dr. Sullivan's Opinion**

Plaintiff contends the ALJ erred in weighing the opinions of Dr. J. Pat Sullivan, M.D., a treating physician.  Pl.'s Br. 9-13.  Dr. Sullivan found Plaintiff could stand and walk for less than

two hours, sit for less than two hours, lift less than ten pounds, would be absent for more than three days per month, and have her attention and concentration interfered with twenty-five percent of the time or more. AR 545. Dr. Sullivan attributed these limitations to Plaintiff's low back pain with lower extremity radiculitis. *Id.*

The ALJ addressed Dr. Sullivan's opinion as follows:

> I considered, and cannot give much weight to, the opinion of the treating source in [AR 545]. Although Dr. Sullivan is [Plaintiff's] treating physician, such severe restrictions simply are not supported by the medical evidence of record, which shows generally grossly intact physical examinations with only some abnormalities as discussed above.

AR 33 (internal citations omitted). The ALJ did not err in her analysis of the opinions.

### 1. Governing Law

A sequential, two-step inquiry governs an ALJ's evaluation of the medical opinions of a claimant's treating physician. *Krauser*, 638 F.3d at 1330. The two-step inquiry is mandatory and each step of the inquiry is "analytically distinct." *Id*. First, the ALJ must decide whether the opinion is entitled to "controlling weight." If the opinion is "well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record," then the opinion must be given controlling weight. *Id*. A deficiency in either of these areas requires that the opinion not be given controlling weight. *Id*.

When a treating physician opinion is not entitled to controlling weight, the inquiry does not end. The opinion is still entitled to deference. Thus, at the second step of the inquiry, "the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned." *Id*. As the Tenth Circuit has made clear: "[i]f this is not done, a remand is required." *Id*. The relevant factors governing the second step of the

4

inquiry include: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." *Id*. at 1331 (citation omitted).

The treating physician rule is founded on the treating physician's unique perspective to the medical evidence due to both the duration and frequency of the treatment relationship. *Doyal*, 331 F.3d at 762. The rule "is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Id*. (citation omitted); *see also* 20 C.F.R. § 416.927(c)(2) (addressing weight given to treating source due to his or her "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

### 2. The ALJ Properly Weighed Dr. Sullivan's Opinion

Plaintiff asserts that the ALJ failed to follow the two-step inquiry when considering Dr. Sullivan's opinion. She correctly notes that the ALJ found the restrictions in Dr. Sullivan's opinion were not supported by the medical evidence. *See* Pl.'s Br. 11. Plaintiff also accurately states that an inconsistency between a doctor's opinion and the substantial evidence is a reason to not give the opinion controlling weight. *Id.* at 11-12. Plaintiff therefore contends the ALJ erred in the

second step of the treating-physician analysis by failing to weigh the opinion using the factors contained in 20 C.F.R. § 416.927. *Id.* at 12.

The Court first notes that the ALJ specifically found that the restrictions denoted by Dr. Sullivan were "not supported by the medical evidence of record." AR 33. This statement touches on the third and fourth relevant factors— "the degree to which the physician's opinion is supported by relevant evidence" and the "consistency between the opinion and the record as a whole." *Krauser*, 638 F.3d at 1330; *see also* 20 C.F.R. § 416.927(c)(3), (4). Furthermore, the ALJ explicitly considered Dr. Sullivan to be a treating physician, which means Plaintiff had an ongoing treatment relationship with him. *See* 20 C.F.R. § 416.927(a)(2). Although the ALJ did not specifically touch on the nature and extent of the treatment relationship, whether Dr. Sullivan was a specialist, or "other factors," so long as the ALJ provides a well-reasoned discussion, the failure to "explicitly discuss" all the factors outlined in 20 C.F.R. § 404.1527(d) "does not prevent [the] court from according his decision meaningful review." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Thus, the ALJ did not err by not explicitly addressing each of the factors.

Plaintiff also contends the ALJ selectively reviewed the record when considering Dr. Sullivan's opinion. More specifically, Plaintiff asserts the ALJ did not consider whether an MRI supported Dr. Sullivan's opinion. Pl.'s Br. 12-13. Plaintiff further references epidural steroid injections she received from Dr. Sullivan to support her assertion that the ALJ did not discuss the nature of her treating relationship with Dr. Sullivan. *Id.* at 12.

An ALJ must "consider all evidence" in the record when making a decision and may not pick-and-choose among medical reports. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). However, where the court "can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical

omissions in the ALJ's reasoning do not dictate reversal." *Id.* The Tenth Circuit has cautioned that courts cannot insist on technical perfection. *Id.* The Court analyzes Plaintiff's arguments under this framework.

It is clear the ALJ considered the evidence in question. The ALJ specifically addressed the November 8, 2012 MRI,[3] noting that it revealed two-level disc disease with annual tearing, and severe facet arthropathy. AR 29. Furthermore, the ALJ repeatedly discussed the epidural steroid injections. AR 29-31. And as noted above, the ALJ specifically considered Dr. Sullivan to be a treating source. AR 33. Although the evidence was not referenced directly alongside the evaluation of Dr. Sullivan's opinion, the ALJ specifically addressed her comprehensive discussion of the medical evidence from earlier in the decision. Although the MRI noted some abnormalities in Plaintiff's spine, the ALJ specifically noted that there were some abnormalities contained in the medical records when weighing Dr. Sullivan's opinion. *Id.* The ALJ, therefore, did not commit error with regard to weighing Dr. Sullivan's opinion.

**B.     The ALJ Properly Considered Plaintiff's Subjective Complaints**

Plaintiff also contends the ALJ improperly evaluated her subjective complaints. Pl.'s Br. 13-15. The Court will not disturb an ALJ's evaluation of a claimant's symptoms if they are supported by substantial evidence because such "determinations are peculiarly the province of the finder of fact." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (*citing Diaz v. Secretary*

---

[3] Plaintiff refers to this MRI as a "2013 MRI," but the cited medical record states that the imaging occurred on November 8, 2012. AR 409.

*of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).[4]  An ALJ's findings regarding a claimant's symptoms "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (*citing Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir.1988) (footnote omitted)).  The ALJ may consider a number of factors when evaluating a claimant's symptoms, including: objective medical evidence; the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain; medication used by the claimant for relief of pain or other symptoms; and other measures utilized by the claimant to relieve pain. *See* 20 C.F.R. § 416.929(c).

Plaintiff contends the ALJ improperly relied solely on the objective medical evidence when weighing her subjective complaints.  The regulations provide that an ALJ "will not reject [a claimant's] statements about the intensity and persistence of [his or her] pain or other symptoms or about the effect [his or her] symptoms have on [his or her] ability to work . . . solely because the available objective medical evidence does not substantiate your statements."  20 C.F.R. § 416.929(c)(2); *see also* SSR 16-3p, 2017 WL 5180304, at *5 ("We will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual.").  Plaintiff's argument is unavailing, however, because the ALJ considered factors other than the objective medical evidence.

---

[4] In both *Cowan* and *Diaz*, the Tenth Circuit utilized the term "credibility" to describe the process of evaluating individual's statements about pain or other symptoms.  The use of the term credibility was in line with the language used in previously applicable Social Security Rulings.  *See, e.g.,* SSR 96-7p, 1996 WL 374186.  The currently applicable Social Security Ruling removed the use of the term "credibility" to align with the regulations which do not utilize the term and clarify "that subjective symptom evaluation is not an examination of an individual's character."  SSR 16-3p, at *2, 2017 WL 5180304.  The general rule regarding the amount of deference to give an ALJ's evaluation of a Plaintiff's statements about pain or other symptoms need not be disturbed.

The ALJ stated: "After careful consideration of the evidence, I find that [Plaintiff's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the [Plaintiff's] statements are not entirely credible for the reasons explained in this decision." AR 32. In the same paragraph, the ALJ then addressed some of the objective medical evidence and noted that "no greater limitations are warranted based on the medical evidence of record." AR 33. However, the ALJ considered other evidence in the decision. As noted later on the same page of the decision, the ALJ stated that she "gave due considerations to credibility, motivation, the objective medical evidence and opinions, clinical and laboratory findings, diagnostic tests, the extent of the medical treatment and relief from therapy and medication, [Plaintiff's] daily activities, the extent, frequency, and duration of symptoms, attempts to seek relief from symptoms, [Plaintiff's] earning record, and all of the evidence of record." *Id.* As noted above, these are proper considerations when evaluating a Plaintiff's symptoms.

It is clear from the ALJ's earlier discussion that the consideration of factors other than the objective medical evidence was more than boilerplate. The ALJ addressed Plaintiff's testimony regarding her daily activities, including taking care of her sixteen-year-old son, twelve-year-old grandson and disabled husband, driving for an hour-and-a-half without stops, and went to the casino. AR 28. In short, the ALJ did not err as Plaintiff suggests.

## VI.     Conclusion

For the reasons set forth, the decision of the Commissioner is AFFIRMED.

ENTERED this 8ᵗʰ day of May, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE